1

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)

2

Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940

3

Walnut Creek, CA 94596

4

Telephone: (925) 300-4455
Facsimile:  (925) 407-2700

5

E-Mail: ltfisher@bursor.com
　　　　 ykrivoshey@bursor.com

6

7

*Attorneys for Plaintiffs*

8

9

**UNITED STATES DISTRICT COURT**

10

11

**CENTRAL DISTRICT OF CALIFORNIA**

12

13

KAILA SAIKI and RAYMOND SAIKI,
on behalf of themselves and all others
similarly situated,

14

15

16

Plaintiffs,

17

v.

18

VIRGIN SCENT, INC. d/b/a
ARTNATURALS, INC.,

19

20

Defendant.

21

22

23

24

25

26

27

Case No.  2:21-cv-2948


**CLASS ACTION COMPLAINT**


**JURY TRIAL DEMANDED**

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED

Plaintiffs Kaila Saiki and Raymond Saiki ("Plaintiffs"), individually and on behalf of all others similarly situated, allege the following on the investigation of their counsel and upon information and belief, except as to Plaintiffs' allegations regarding their own actions which are based on personal knowledge.

## NATURE OF THE ACTION

1.     This is a class action lawsuit regarding Defendant Virgin Scent, Inc. d/b/a Artnaturals, Inc.'s ("Artnaturals" or "Defendant") manufacturing, distribution, and sale of hand sanitizer that contains dangerously high levels of Benzene, a carcinogenic impurity that has been linked to leukemia and other cancers.

2.     In addition, Artnaturals represented that its hand sanitizer contained only "Natural Elements."  In fact, Artnaturals' hand sanitizer contained the dangerous chemical compound Benzene.  Thus, Defendant falsely and knowingly misrepresented that its hand sanitizer was "natural" in order to sell its hand sanitizers to consumers at a premium price.

3.     Since the outbreak of the coronavirus, hand sanitizers have become a hot commodity.  A Wall Street Journal article reported that sales of hand sanitizer in the United States jumped 600% in 2020 to $1.3 billion, compared to a year earlier.[1] One of the beneficiaries of this boost in hand sanitizer sales was Defendant. Defendant sells a particular model of hand sanitizer labeled as "artnaturals hand sanitizer SCENT FREE NATURAL ELEMENTS + CLEANSING FORMULA 8 fl oz (236 ml)" (the "Hand Sanitizer").

4.     The Hand Sanitizer is a gel hand sanitizer product, as compared to liquid or foam hand sanitizer products.

---

[1] Sharon Terlep, *Hand Sanitizer Sales Jumped 600% in 2020. Purell Maker Bets Against a Post-Pandemic Collapse*, THE WALL STREET J., Jan. 22, 2021, https://www.wsj.com/articles/hand-sanitizer-sales-jumped-600-in-2020-purell-maker-bets-against-a-post-pandemic-collapse-11611311430.

---

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                                      1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

5.      Benzene is not one of the listed active ingredients on the Hand Sanitizer's label.

6.      Each bottle of the Hand Sanitizer prominently includes the representation that the Hand Sanitizer uses "Natural Elements" on the label, not to mention that Defendant has the word "natural" in its name, which is also prominently displayed on the bottle:



7.      The label for the Hand Sanitizer also tells consumers that the product allows them to "shield [their] hand from germs & infection naturally," and that the Hand Sanitizer is "plant based":



SHIELD YOUR HANDS
FROM GERMS & IN-
FECTION NATURALLY.
artnaturals® PLANT-
BASED, SCENT FREE
HAND  SANITIZER,
INFUSED WITH ALOE
VERA, VITAMIN E &
JOJOBA, KEEPS YO-
UR HANDS CLEAN
AND HYDRATED.

DIST. BY artnaturals ®
Gardena, CA 90248
artnaturals.com
info@artnaturals.com
Customer service:
855-ART-4488



8.      These representations are false and misleading because the Hand Sanitizer contains Benzene, a carcinogenic chemical impurity that has been linked to leukemia and other cancers.  Further, the presence of Benzene in the Hand Sanitizer renders the product unsafe and worthless.

9.      Benzene is a component of crude oil, gasoline, and cigarette smoke, and is one of the elementary petrochemicals.  The Department of Health and Human

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                          3

Services has determined that benzene causes cancer in humans.  Likewise, the Food and Drug Administration ("FDA") lists Benzene as a "Class 1 solvent" that "should not be employed in the manufacture of drug substances, excipients, and drug products because of [its] unacceptable toxicity."  Benzene is associated with blood cancers such as leukemia.

10.     According to the National Institute for Occupational Safety and Health, humans can become exposed to Benzene through "inhalation, **skin absorption**, ingestion, **skin** and/or eye contact."  Skin absorption is particularly concerning as there have been multiple FDA studies showing that structurally similar chemicals in sunscreen products are found in the blood at high levels after application to exposed skin.

11.     In order to compensate for increased demand for hand sanitizers, the FDA announced on June 1, 2020 that is temporarily allowing up to 2 parts per million of benzene in liquid hand sanitizer products.  Benzene is a component in the manufacture of liquid hand sanitizers.

12.     However, this guidance does not apply to gel and foam hand sanitizer, which make up most of the U.S. hand sanitizer market.  This suggests that there is no acceptable level of benzene in gel and foam hand sanitizers because these products do not require benzene for their manufacture.

13.     On March 24, 2021, Valisure, an online pharmacy registered with the FDA, "detected high levels of benzene and other contaminants in specific batches of hand sanitizer products containing active pharmaceutical ingredients of ethanol and isopropanol."[2]

---

[2] VALISURE, VALISURE CITIZEN PETITION ON HAND SANITIZER PRODUCTS CONTAINING BENZENE CONTAMINATION AND OTHER SIGNIFICANT ISSUES, Mar. 24, 2021, https://www.valisure.com/wp-content/uploads/Valisure-FDA-Citizen-Petition-on-Hand-Sanitizer-v4.14.pdf (the "Valisure Petition"), at 1.

CLASS ACTION COMPLAINT – JURY TRIAL DEMANDED                    4

14.     Valisure tested the Hand Sanitizer manufactured by Defendant, which was found to contain between 15.2 to 16.1 parts per million of Benzene[3]:

| Benzene Mean (ppm +/- %SD) | Brand and Label Description | Type | Product Code(s) | Manufacturing/Distributing Label Text |
|---|---|---|---|---|
| 16.1 +/- 3% | artnaturals hand sanitizer SCENT FREE NATURAL ELEMENTS + CLEANSING FORMULA 8 fl oz (236 ml) | Gel | UPC: 816820028205 NDC: 74642-000 | DIST. BY artnaturals ® Gardena, CA 90248<br><br>MADE IN CHINA |
| 15.2 +/- 3% | artnaturals hand sanitizer SCENT FREE NATURAL ELEMENTS + CLEANSING FORMULA 8 fl oz (236 ml) | Gel | UPC: 816820028205 NDC: 74642-000 | DIST. BY artnaturals ® Gardena, CA 90248<br><br>MADE IN CHINA |

15.     Defendant's Hand Sanitizer has the highest levels of Benzene of all of the hand sanitizer products tested by Valisure.

16.     The levels of Benzene in the Hand Sanitizer are **eight times** the permissible level of Benzene for liquid hand sanitizers (which, again, is 2 parts per million).  However, because the Hand Sanitizer is a gel product, there is **no**

---

[3] *Id.* at 14.

**permissible level** for Benzene because Benzene is not required for the manufacture of gel hand sanitizers.

17.    Ironically, Defendant has previously touted its safety record.  In December 2020, when other hand sanitizers were being inspected or recalled due to efficacy and safety concerns, Defendant put out the following statement:

> Due to the global demand for sanitizing and personal protective products, hand sanitizer sales have grown at an unprecedented and exponential rate. With this demand, poorly formulated hand sanitizers made their way into the market, causing a massive recall of certain brands of hand sanitizer.

> Earlier this year the FDA warned that certain hand sanitizers may not be able to properly clean and sanitize hands, due to insufficient levels of ethyl alcohol and isopropyl alcohol. On top of that, the agency has announced that certain hand sanitizers have tested positive for methanol, a type of alcohol that can be toxic when applied to your hands, and dangerous when ingested.

> The FDA released a list of 149 sanitizers that they deemed unsafe to use. **One name you will not find that list is artnaturals! Your safety is our number one priority and we are committed to providing you with top of the line high-quality ingredients to keep you and your family safe.**

> …

> Always be cautious of what is going into the products that you and your family use everyday, and **know you can trust artnaturals with any and all of your sanitizing needs!**[4]

18.    Further, the Benzene contamination renders Defendant's representation that the Hand Sanitizer contains "Natural Elements," that the Hand Sanitizer "shield[s] your hands from germs & infection naturally," that the Hand Sanitizer is "plant based," and that the Hand Sanitizer is naturally made based on Defendant's own name, which includes the word "natural," false and misleading.  Benzene is

---

[4] HAND SANITIZER RECALL, AND WHAT YOU SHOULD KNOW (Dec. 28, 2020), https://artnaturals.com/blog/hand-sanitizer-recall-and-what-you-should-know.html (emphasis added).

neither a plant-based nor a natural ingredient, and the Hand Sanitizer is not "natural" as such.

19.     Plaintiffs and the Class were injured by the full purchase price of the Hand Sanitizer.  The Hand Sanitizer is worthless, as it contains harmful levels of Benzene.  As the Hand Sanitizer exposes consumers to Benzene well above the legal limit, the Hand Sanitizer is not fit for use by humans.  Plaintiff is further entitled to damages for the injury sustained in being exposed to high levels of acutely-toxic Benzene, damages related to Defendant's conduct, and injunctive relief.

20.     Further, Plaintiffs and the Class paid a price premium for the Hand Sanitizer based on the representation that the Hand Sanitizer was a "natural" product. This representation was false and misleading because the Hand Sanitizer contains high levels of acutely-toxic Benzene, which is neither plant-based nor a natural ingredient.  Had Plaintiffs and the Class known that the Hand Sanitizer was not a "natural" product," they would not have purchased the Hand Sanitizer, or would have paid significantly less for it.

21.     In sum, Plaintiffs seek to recover based on two theories of liability:  (i) that the Hand Sanitizer was defective, worthless, and unfit for human use due to the presence of Benzene, a carcinogenic and toxic chemical impurity, and (ii) that Plaintiffs paid a price premium for the Hand Sanitizer based on representations that the Hand Sanitizer was a "natural" product, which was not true due to the presence of Benzene.

22.     Plaintiffs bring this action on behalf of themselves and the Class for equitable relief and to recover damages and restitution for:  (i) unjust enrichment, (ii) fraudulent concealment, (iii) fraud, (iv) conversion, (v) violation of California's Consumer Legal Remedies Act, Cal. Civ. Code §§ 1750, *et seq.* (equitable relief only) ("CLRA"), (vi) violation of California's Unfair Competition Law, Cal. Bus. &

Prof. Code §§ 17200, *et seq.* ("UCL"), and (vii) violation of California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq*.

## **PARTIES**

23.     Plaintiff Kaila Saiki is a resident of Cook County, Illinois and has an intent to remain there, and is therefore a domiciliary of Illinois.  On or about May 23 2020, Ms. Saiki purchased a bottle of the Hand Sanitizer with her husband from a Target in Illinois.  Ms. Saiki and her husband paid $4 for the bottle.  When purchasing the Hand Sanitizer, Ms. Saiki reviewed the accompanying labels and disclosures, and understood them as representations and warranties by the manufacturer, distributor, and pharmacy that the Hand Sanitizer was properly manufactured, free from defects, and safe for its intended use.  Ms. Saiki relied on these representations and warranties in deciding to purchase the Hand Sanitizer manufactured by Defendant, and these representations and warranties were part of the basis of the bargain, in that she would not have purchased the Hand Sanitizer from Defendant if she had known that it was not, in fact, properly manufactured and free from defects.

24.     Ms. Saiki also purchased the Hand Sanitizer based on the representations on the label that the Hand Sanitizer was made with "Natural Elements," that the Hand Sanitizer "shield[s] yours hand from germs & infection naturally," that the Hand Sanitizer is "plant based," and also relied on Defendant's name, which includes the word "natural."  Ms. Saiki would not have purchased the Hand Sanitizer had she known the Hand Sanitizer was not "natural," but in fact contained an ingredient that was a harmful chemical impurity (*i.e.*, a non-natural ingredient).  Ms. Saiki paid a price premium for the Hand Sanitizer over and above other hand sanitizers that did not purport to be natural.

25.     Plaintiff Raymond Saiki is a resident of Cook County, Illinois and has an intent to remain there, and is therefore a domiciliary of Illinois.  On or about May

23 2020, Mr. Saiki purchased a bottle of the Hand Sanitizer with his wife from a Target in Illinois.  Mr. Saiki and his wife paid $4 for the bottle.  When purchasing the Hand Sanitizer, Mr. Saiki reviewed the accompanying labels and disclosures, and understood them as representations and warranties by the manufacturer, distributor, and pharmacy that the Hand Sanitizer was properly manufactured, free from defects, and safe for its intended use.  Mr. Saiki relied on these representations and warranties in deciding to purchase the Hand Sanitizer manufactured by Defendant, and these representations and warranties were part of the basis of the bargain, in that he would not have purchased the Hand Sanitizer from Defendant if he had known that it was not, in fact, properly manufactured and free from defects.

26.     Mr. Saiki also purchased the Hand Sanitizer based on the representations on the label that the Hand Sanitizer was made with "Natural Elements," that the Hand Sanitizer "shield[s] yours hand from germs & infection naturally," that the Hand Sanitizer is "plant based," and also relied on Defendant's name, which includes the word "natural."  Mr. Saiki would not have purchased the Hand Sanitizer had he known the Hand Sanitizer was not "natural," but in fact contained an ingredient that was a harmful chemical impurity (*i.e.*, a non-natural ingredient).  Mr. Saiki paid a price premium for the Hand Sanitizer over and above other hand sanitizers that did not purport to be natural.

27.     Defendant Virgin Scent, Inc. d/b/a Artnaturals, Inc. is a corporation incorporated in the state of California with a principal place of business at 16325 South Avalon Boulevard, Gardena, California 90248.  Defendant conducts substantial business throughout the United States and in the States of California and Illinois.

## JURISDICTION AND VENUE

28.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005,

because at least one member of the Class, as defined below, is a citizen of a different state than Defendant, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

29.     This Court has personal jurisdiction over this action because Defendant is incorporated and maintains its principal place of business in California.

30.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant maintains its principal place of business in this District.

## CLASS ACTION ALLEGATIONS

31.     Plaintiffs seek to represent a class defined as all persons in the United States who purchased the Hand Sanitizer (the "Class"). Plaintiffs also seek to represent a subclass of all Class members who purchased the Hand Sanitizer in Illinois (the "Subclass").

32.     The Class and the Subclass shall collectively be referred to as the "Classes."

33.     Subject to additional information obtained through further investigation and discovery, the foregoing definitions of the Classes may be expanded or narrowed by amendment to the complaint or narrowed at class certification.

34.     Specifically excluded from the Classes are Defendant, Defendant's officers, directors, agents, trustees, parents, children, corporations, trusts, representatives, employees, principals, servants, partners, joint ventures, or entities controlled by Defendant, and their heirs, successors, assigns, or other persons or entities related to or affiliated with Defendant and/or Defendant's officers and/or directors, the judge assigned to this action, and any member of the judge's immediate family.

35.     **Numerosity.**  The members of the proposed Classes are geographically dispersed throughout the United States and are so numerous that individual joinder is impracticable. Upon information and belief, Plaintiffs reasonably estimate that there

are hundreds of thousands of individuals that are members of the proposed Classes. Although the precise number of proposed members are unknown to Plaintiffs, the true number of members of the Classes are known by Defendant.  Members of the Classes may be notified of the pendency of this action by mail and/or publication through the distribution records of Defendant and third-party retailers and vendors.

36.    **Typicality.**  The claims of the representative Plaintiffs are typical of the claims of the Classes in that the representative Plaintiffs, like all members of the Classes, purchased the Hand Sanitizer, which was worthless and falsely labeled as "natural" due to the presence of Benzene, a harmful and carcinogenic chemical impurity.  The representative Plaintiffs, like all members of the Classes, have been damaged by Defendant's misconduct in the very same way as the members of the Classes.  Further, the factual bases of Defendant's misconduct are common to all members of the Classes and represent a common thread of misconduct resulting in injury to all members of the Classes.

37.    **Existence and predominance of common questions of law and fact.** Common questions of law and fact exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes. These common legal and factual questions include, but are not limited to, the following:

(a)    whether the Hand Sanitizer manufactured by Defendant contains dangerously high levels of Benzene, thereby breaching the implied warranties made by Defendant and making Hand Sanitizer unfit for human use and therefore unfit for its intended purpose;

(b)    whether Defendant knew or should have known that Hand Sanitizer contained elevated levels of Benzene prior to selling it, thereby constituting fraud and/or fraudulent concealment;

(c)    whether the Hand Sanitizer falsely represents that it contains

"Natural Elements," that the Hand Sanitizer "shield[s] your hands from germs & infection naturally," that the Hand Sanitizer is "plant based," and that the Hand Sanitizer is naturally made based on Defendant's name, which includes the word "natural," in light of the presence of Benzene;

(d)   whether Defendant has unlawfully converted money from Plaintiffs and the Classes;

(e)   whether Defendant is liable to Plaintiffs and the Classes for unjust enrichment;

(f)   whether Defendant is liable to Plaintiff and the Classes for fraudulent concealment;

(g)   whether Plaintiffs and the Classes have sustained monetary loss and the proper measure of that loss;

(h)   whether Plaintiffs and the Classes are entitled to declaratory and injunctive relief;

(i)   whether Plaintiffs and the Classes are entitled to restitution and disgorgement from Defendant; and

(j)   whether the marketing, advertising, packaging, labeling, and other promotional materials for the Hand Sanitizer are deceptive.

38.   **Adequacy of Representation.**  Plaintiffs will fairly and adequately protect the interests of the Classes.  Plaintiffs have retained counsel who are highly experienced in complex consumer class action litigation, and Plaintiffs intend to vigorously prosecute this action on behalf of the Classes.  Plaintiffs have no interests that are antagonistic to those of the Classes.

39.    **Superiority.**  A class action is superior to all other available means for the fair and efficient adjudication of this controversy.  The damages or other financial detriment suffered by members of the Classes are relatively small compared to the burden and expense of individual litigation of their claims against Defendant. It would, thus, be virtually impossible for members of the Classes, on an individual basis, to obtain effective redress for the wrongs committed against them. Furthermore, even if members of the Classes could afford such individualized litigation, the court system could not.  Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action.  By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no unusual management difficulties under the circumstances.

40.    In the alternative, the Classes may be certified because:

(a)    the prosecution of separate actions by individual members of the Classes would create a risk of inconsistent or varying adjudication with respect to individual members of the Classes that would establish incompatible standards of conduct for the Defendant;

(b)    the prosecution of separate actions by individual members of the Classes would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other members of the Classes not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and/or

(c)    Defendant has acted or refused to act on grounds generally applicable to the Classes as a whole, thereby making appropriate final declaratory and/or injunctive relief with respect to the members of the Class as a whole.

## CAUSES OF ACTION

### COUNT I
### Unjust Enrichment

41.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

42.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

43.     Plaintiffs and the Classes conferred a benefit on Defendant in the form of monies paid to purchase Defendant's defective and worthless Hand Sanitizer.

44.     Plaintiffs and the Classes also conferred a benefit on Defendant in the form of the price premium paid based on the "natural" representations on the Hand Sanitizer.

45.     Defendant voluntarily accepted and retained this benefit.

46.     Because this benefit was obtained unlawfully, namely by selling and accepting compensation for Hand Sanitizer unfit for human use, and by falsely representing that the Hand Sanitizer was a "natural" product and accepting the price premium paid based on that representation, it would be unjust and inequitable for Defendant to retain the benefit without paying the value thereof.

### COUNT II
### Fraudulent Concealment

47.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

48.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

49.     Defendant had a duty to disclose material facts to Plaintiffs and the Classes given their relationship as contracting parties and intended users of the Hand Sanitizer.  Defendant also had a duty to disclose material facts to Plaintiff sand the Classes, namely that it was in fact manufacturing, distributing, and selling harmful

Hand Sanitizer unfit for human use, because Defendant had superior knowledge such that the transactions without the disclosure were rendered inherently unfair.

50.     Defendant possessed knowledge of these material facts.  Since at least mid-2020, the FDA has put Defendant on notice that it was investigating adulterated hand sanitizer products.  During this time, Plaintiffs and members of the Classes were using the Hand Sanitizer without knowing it contained dangerous levels of Benzene.

51.     Defendant failed to discharge its duty to disclose these materials facts.  Quite the contrary, Defendant boasted about its safety record to Plaintiffs and the Classes.

52.     In so failing to disclose these material facts to Plaintiffs and the Classes, Defendant intended to hide from Plaintiffs and the Classes that they were purchasing and consuming the Hand Sanitizer with harmful defects that was unfit for human use, and thus acted with scienter and/or an intent to defraud.

53.     Plaintiffs and the Classes reasonably relied on Defendant's failure to disclose insofar as they would not have purchased the defective Hand Sanitizer manufactured sold by Defendant had they known it contained unsafe levels of Benzene.

54.     As a direct and proximate cause of Defendant's fraudulent concealment, Plaintiffs and the Classes suffered damages in the amount of monies paid for the defective Hand Sanitizer.

55.     As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

## COUNT III
### Fraud

56.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

57.     Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

58.     As discussed above, Defendant provided Plaintiffs and members of the Classes with materially false or misleading information about the Hand Sanitizer manufactured by Defendant.  Specifically, Defendant have marketed the Hand Sanitizer as (i) safe for human use, and (ii) a "natural" hand sanitizer.  As indicated above, however, these representations are false and misleading as Defendant's Hand Sanitizer contained elevated levels of Benzene, and carcinogenic and toxic chemical impurity.

59.     The misrepresentations and omissions of material fact made by Defendant, upon which Plaintiffs and members of the Classes reasonably and justifiably relied, were intended to induce and actually induced Plaintiffs and members of the Classes to purchase defective and falsely labeled Hand Sanitizer.

60.     Defendant knew or should have known that its Hand Sanitizer was contaminated with this harmful impurity—and was also therefore not a "natural" hand sanitizer—but continued to manufacture it nonetheless.  Since at least mid-2020, the FDA has put Defendant on notice that it was investigating adulterated hand sanitizer products.  During this time, Plaintiffs and members of the Classes were using the Hand Sanitizer without knowing it contained dangerous levels of Benzene.

61.     The fraudulent actions of Defendant caused damage to Plaintiffs and members of the Classes, who are entitled to damages and other legal and equitable relief as a result.

62.     As a result of Defendant's willful and malicious conduct, punitive damages are warranted.

## COUNT IV
### Conversion

63.     Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

64. Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

65. Plaintiffs and the Classes have an ownership right to the monies paid for the defective and falsely labeled Hand Sanitizer manufactured by Defendant.

66. Defendant has wrongly asserted dominion over the payments illegally diverted to them for the defective and falsely labeled Hand Sanitizer. Defendant has done so every time that Plaintiffs and the Classes bought the Hand Sanitizer.

67. As a direct and proximate cause of Defendant's conversion, Plaintiffs and the Classes suffered damages in the amount of the payments made for each time they bought the Hand Sanitizer, and the price premium they paid based on the representations that the Hand Sanitizer was a "natural" product.

<u>**COUNT V**</u>
**Violation Of California's Consumers Legal Remedies Act,**
**California Civil Code §§ 1750, *et seq.***
**(Equitable Relief Only)**

68. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

69. Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

70. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(5), prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have."

71. California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(7), prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another."

---

72.     California's Consumers Legal Remedies Act, Cal. Civ. Code § 1770(a)(9), disallows "[a]dvertising goods or services with intent not to sell them as advertised."

73.     Defendant is a "person" within the meaning of California Civil Code sections 1761(c) and 1770 and provided "goods" within the meaning of sections 1761(a) and 1770.

74.     Plaintiffs, the other members of the Classes, and Defendant have engaged in "transactions," as that term is defined by California Civil Code § 1761(e).

75.     Defendant's acts and practices, as alleged in this complaint, violate the CLRA because they include unfair and deceptive acts and practices in connection with transactions (the sale of the Hand Sanitizer).

76.     As alleged more fully above, Defendant violated the CLRA by falsely representing to Plaintiffs and the other members of the Classes that Hand Sanitizer (i) would not contain elevated levels of Benzene and (ii) is generally recognized as safe for human use.  In fact, the Hand Sanitizer contained elevated levels of Benzene and was not safe for human use.

77.     Further, as alleged more fully above, Defendant violated the CLRA by falsely representing to Plaintiffs and the other members of the Classes that Hand Sanitizer was made "naturally" or was a "natural" product. In fact, the Hand Sanitizer contained the chemical impurity Benzene, and was therefore not "natural."

78.     These misrepresentations constitute "unfair or deceptive acts or practices" that are prohibited by the CLRA, Cal. Civ. Code §§ 1770(a)(5); 1770 (a)(7); 1770(a)(9); 1770(a)(16).

79.     Further, Defendant concealed from and failed to disclose to Plaintiffs and the Classes that its Hand Sanitizer did not conform to the product's labels, packaging, advertising, and statements in that it contained elevated levels of Benzene, was not safe for human use, and was not a "natural" product.

80.    Defendant had a duty to disclose to Plaintiff sand members of the Classes the true quality, characteristics, ingredients, nutrient levels, and suitability of the Hand Sanitizer because Defendant was in a superior position to know the true nature of their products and Defendant knew that Plaintiffs and members of the Classes could not reasonably have been expected to learn or discover that the Hand Sanitizer was misrepresented in the packaging, labels, advertising, and websites prior to purchasing the Hand Sanitizer.

81.    The facts concealed or not disclosed by Defendant to Plaintiffs and members of the Classes were material in that a reasonable consumer would have considered them important when deciding whether to purchase the Hand Sanitizer.

82.    Plaintiffs and members of the Classes' reliance on these omissions was reasonable given Defendant's advertising, representations, warranties, and general promotions of the Hand Sanitizer.

83.    Plaintiff and members of the Classes did not know that Defendant was concealing or otherwise omitting material facts.

84.    As a direct and proximate result of Defendant's violations, Plaintiffs and the Classes are entitled to injunctive relief ensuring (i) Defendant issues a recall of its Hand Sanitizer and complies with all proper quality and safety standards going forward, and (ii) Defendant ceases to label the Hand Sanitizer as a "natural" product, and ceases to make the "natural" claims alleged above in its marketing, labeling, and sale of the Hand Sanitizer.

85.    On April 5, 2021, prior to filing this action, a CLRA notice letter was sent to Defendant that complies in all respects with California Civil Code § 1782(a). Plaintiffs' counsel sent Defendant the letter via certified mail, return receipt requested, advising Defendant that it is in violation of the CLRA and demanding that it cease and desist from such violations.  A true and correct copy of Plaintiffs' CLRA letter is attached hereto as **Exhibit A**.

## **COUNT VI**
### **Violation Of California's Unfair Competition Law,**
### **California Business & Professions Code §§ 17200, *et seq.***

86. Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

87. Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

88. By committing the acts and practices alleged herein, Defendant violated California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200, *et seq.* as to the Classes, by engaging in unlawful, fraudulent, and unfair conduct.

89. Defendant violated the UCL's proscription against engaging in unlawful conduct as a result of its violations of the CLRA, Cal. Civil Code §§ 1770(a)(5), (a)(7) and (a)(9).

90. Defendant's acts and practices described above violate the UCL's proscription against engaging in fraudulent conduct.

91. As more fully described above, Defendant marketed the Hand Sanitizer as safe for human use. As indicated above, however, these representations are false and misleading as Defendant's Hand Sanitizer contained elevated levels of Benzene. These representations were likely to deceive reasonable consumers.

92. Further, as more fully described above, Defendant marketed the Hand Sanitizer as a "natural" product. As indicated above, however, these representations are false and misleading as Defendant's Hand Sanitizer contained elevated levels of Benzene, a carcinogenic chemical impurity. These representations were likely to deceive reasonable consumers.

93. Defendant's acts and practices described above also violate the UCL's proscription against engaging in unfair conduct.

94. Plaintiffs and the other members of the Classes suffered a substantial injury by virtue of buying the Hand Sanitizer that they would not have purchased

absent Defendant's unlawful, fraudulent, and unfair marketing, advertising, packaging, and omission about the contaminated and non-natural nature of its Hand Sanitizer, or by virtue of paying an excessive premium price for the unlawfully, fraudulently, and unfairly marketed, advertised, packaged, and labeled Hand Sanitizer.

95.    There is no benefit to consumers or competition from deceptively marketing and omitting material facts about the contaminated and non-natural nature of the Hand Sanitizer.

96.    Plaintiffs and the other members of the Classes had no way of reasonably knowing that the Hand Sanitizer they purchased was not as marketed, advertised, packaged, or labeled.  Plaintiff and the other member of the Classes are not able to test for the presence of Benzene in their Hand Sanitizer.  Thus, Plaintiffs and the other members of the Classes could not have reasonably avoided the injury each of them suffered.

97.    The gravity of the consequences of Defendant's conduct as described above outweighs any justification, motive, or reason therefore, particularly considering the available legal alternatives which exist in the marketplace, and such conduct is immoral, unethical, unscrupulous, offends established public policy, or is substantially injurious to Plaintiffs and the other members of the Classes.

98.    Defendant's violation has continuing and adverse effects because Defendant's unlawful conduct is continuing, with no indication that Defendant intends to cease this fraudulent course of conduct.  The public and class members are subject to ongoing harm because Defendant has not issued a recall for its contaminated Hand Sanitizer, nor changed its marketing and labeling to cease labeling the Hand Sanitizer as a "natural" product.

99.    Plaintiffs and the members of the Classes lost money or property as a result of Defendant's UCL violations because:  (a) they would not have purchased the

Hand Sanitizer on the same terms if they knew that the Hand Sanitizer contained harmful levels of Benzene, and is not generally recognized as safe for human use; (b) they would not have purchased the Hand Sanitizer on the same terms if they knew that the Hand Sanitizer was not a natural product, and (c) the Hand Sanitizer does not have the characteristics, ingredients, uses, or benefits as promised by Defendant.

100.   Pursuant to California Business and Professional Code § 17203, Plaintiffs and the Classes seek an order of this Court that includes, but is not limited to, an order requiring Defendant to: (a) provide restitution to Plaintiffs and the other member of the Classes; (b) disgorge all revenues obtained as a result of violations of the UCL; (c) pay Plaintiffs' and the Classes' attorney's fees and costs.

### COUNT VII
**Violation Of California's False Advertising Law,
California Business & Professions Code §§ 17500, *et seq.***

101.   Plaintiffs hereby incorporate by reference the allegations contained in all preceding paragraphs of this complaint.

102.   Plaintiffs bring this claim individually and on behalf of the members of the proposed Classes against Defendant.

103.   California's False Advertising Law, Cal. Bus. & Prof. Code §§ 17500, *et seq.*, makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public in this state … in any advertising device … or in any other manner or means whatever, including over the Internet, any statement, concerning … personal property or services, professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

104.   Defendant committed acts of false advertising, as defined by §17500, by misrepresenting that the Hand Sanitizer was a "natural" product, as more fully alleged above.

105. Defendant also committed acts of false advertising, as defined by §17500, by failing to disclose that the Hand Sanitizer contained Benzene, a carcinogenic chemical impurity, which rendered the Hand Sanitizer unsafe for human use.

106. Defendant knew or should have known, through the exercise of reasonable care that its representations about the Hand Sanitizer were untrue and misleading.

107. Defendant's actions in violation of § 17500 were false and misleading such that the general public is and was likely to be deceived.

108. Plaintiffs and the Classes lost money or property as a result of Defendant's FAL violations because: (a) they would not have purchased the Hand Sanitizer on the same terms if the true facts were known about the product; (b) they paid a price premium for the Hand Sanitizer due to Defendant's promises that it was "natural" product, (c) the Hand Sanitizer was worthless because it contained elevated levels of the carcinogen, Benzene, and was therefore not safe for human use, and (d) the Hand Sanitizer did not have the characteristics as promised by Defendant.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request, individually and on behalf of the alleged Classes, that the Court enter judgment in their favor and against Defendant as follows:

      (a)    For an order certifying the Classes under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiffs as the representative for the Classes and Plaintiffs' attorneys as Class Counsel;

      (b)    For an order declaring the Defendant's conduct violates the causes of action referenced herein;

      (c)    For an order finding in favor of Plaintiffs and the Classes on all counts asserted herein;

(d)     For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;

(e)     For prejudgment interest on all amounts awarded;

(f)     For an order of restitution and all other forms of equitable monetary relief;

(g)     For injunctive relief as pleaded or as the Court may deem proper; and

(h)     For an order awarding Plaintiffs and the Classes their reasonable attorneys' fees and expenses and costs of suit.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable as of right.

Dated:  April 5, 2021                    Respectfully Submitted,

                                        **BURSOR & FISHER, P.A.**

                                        By:   */s/ Yeremey Krivoshey*
                                              Yeremey Krivoshey

                                        L. Timothy Fisher (State Bar No. 191626)
                                        Yeremey Krivoshey (State Bar No. 295032)
                                        1990 North California Blvd., Suite 940
                                        Walnut Creek, CA 94596
                                        Telephone: (925) 300-4455
                                        Facsimile: (925) 407-2700
                                        E-Mail: ltfisher@bursor.com
                                                ykrivoshey@bursor.com

                                        *Attorneys for Plaintiffs*

**EXHIBIT A**

# BURSOR & FISHER

P.A.

1990 N. California Blvd.
SUITE 940
WALNUT CREEK, CA  94596
www.bursor.com

YEREMEY KRIVOSHEY
Tel: 925.300.4455
Fax: 925.407.2700
ykrivoshey@bursor.com

April 5, 2021

***Via Certified Mail - Return Receipt Requested***

Virgin Scent, Inc. d/b/a Artnaturals, Inc.
16325 South Avalon Boulevard
Gardena, California 90248

Re:    *Notice and Demand Letter Pursuant to U.C.C. § 2-607; California Civil Code § 1782;*
*Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq.;*
*and all other relevant state and local laws*

To Whom It May Concern:

  This letter serves as a preliminary notice and demand for corrective action by Defendant Virgin Scent, Inc. d/b/a Artnaturals, Inc. ("Artnaturals" or "Defendant") pursuant to U.C.C. § 2-607(3)(a) concerning breaches of express and implied warranties – and violations of state consumer protection laws, including but not limited to subsections (a)(5), (7), and (9) of the Consumers Legal Remedies Act, Civil Code § 1770 – related to our clients, Kaila Saiki and Raymond Saiki, and a class of all similarly situated purchasers (the "Class") of defective and falsely labeled hand sanitizer manufactured and sold by Artnaturals.

  Our clients purchased a model of hand sanitizer labeled as "artnaturals hand sanitizer SCENT FREE NATURAL ELEMENTS + CLEANSING FORMULA 8 fl oz (236 ml)" (the "Hand Sanitizer") in Illinois.  The Hand Sanitizer was manufactured by Defendant in California and sold by Defendant in Illinois and across the United States.  Our clients' Hand Sanitizer was defective in that it contained elevated levels of Benzene, a carcinogenic and toxic chemical impurity that has been lined to leukemia and other cancers.  On March 24, 2021, Valisure, an online pharmacy registered with the FDA, "detected high levels of benzene and other contaminants in specific batches of hand sanitizer products containing active pharmaceutical ingredients of ethanol and isopropanol."[1]  This included the Hand Sanitizer manufactured by Defendant, which contained between 15.2 to 16.1 parts per million of Benzene.[2]  Notably, the Hand Sanitizer is a gel product, meaning there is no acceptable level of Benzene in the Hand Sanitizer.

---

[1] VALISURE, VALISURE CITIZEN PETITION ON HAND SANITIZER PRODUCTS CONTAINING BENZENE CONTAMINATION AND OTHER SIGNIFICANT ISSUES, Mar. 24, 2021, https://www.valisure.com/wp-content/uploads/Valisure-FDA-Citizen-Petition-on-Hand-Sanitizer-v4.14.pdf (the "Valisure Petition"), at 1.

[2] *Id.* at 14.

Further, Defendant has represented that the Hand Sanitizer uses "Natural Elements," allows consumers to "shield [their] hand from germs & infection naturally," and that the Hand Sanitizer is "plant based." Defendant even has the word "natural" in its name. In other words, Defendant has represented that the Hand Sanitizer is a "natural" product. These representations are false and misleading, however, because the Hand Sanitizer contains Benzene, a carcinogenic and toxic chemical impurity.

In short, the Hand Sanitizer that our clients and the Class purchased are worthless, as they contain Benzene, rendering them unusable and unfit for humans. Further, our clients and the Class paid a price premium for the Hand Sanitizer based on the representations that the Hand Sanitizer was a "natural" product, which in fact was not true. Defendant violated express and implied warranties made to our clients and the Class regarding the quality and safety of the Hand Sanitizer they purchased. *See* U.C.C. §§ 2-313, 2-314.

This letter also serves as notice of violation of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, et seq. ("ICFA"), and all other relevant state and local laws. Defendant violated the ICFA by failing to disclose that the Hand Sanitizer contained elevated levels of Benzene, rendering the Hand Sanitizer unsafe for human use. Defendant also violated the ICFA by representing that the Hand Sanitizer was a "natural" product as described above, which is not true because the Hand Sanitizer contained Benzene, a carcinogenic chemical impurity. Defendant knew or should have known about these facts. As a result of Defendant's violation of the ICFA, our clients and a subclass of all purchasers of the Hand Sanitizer in Illinois sustained injury.

On behalf of our clients and the Class, we hereby demand that Defendant immediately (1) cease and desist from continuing to sell the defective Hand Sanitizer, (2) cease and desist from falsely representing that the Hand Sanitizer is a "natural" product, and (3) make full restitution to all purchasers of the defective and falsely labeled Hand Sanitizer of all purchase money obtained from sales thereof.

We also demand that Defendant preserve all documents and other evidence which refers or relates to any of the above-described practices including, but not limited to, the following:

1.      All documents concerning the packaging, labeling, and manufacturing process for Defendant's Hand Sanitizer;

2.      All documents concerning the design, development, supply, production, extraction, and/or testing of the Hand Sanitizer manufactured by Defendant;

3.      All tests of the Hand Sanitizer manufactured by Defendant;

4.      All documents concerning the pricing, advertising, marketing, and/or sale of the Hand Sanitizer manufactured by Defendant;

5.      All communications with customers involving complaints or comments concerning the Hand Sanitizer manufactured by Defendant;

6.      All documents concerning communications with any retailer involved in the marketing or sale of the Hand Sanitizer manufactured by Defendant;

7.      All documents concerning communications with federal or state regulators; and

8.      All documents concerning the total revenue derived from sales of the Hand Sanitizer.

If you contend that any statement in this letter is inaccurate in any respect, please provide us with your contentions and supporting documents immediately upon receipt of this letter.

Please contact me right away if you wish to discuss an appropriate way to remedy this matter.  If I do not hear from you promptly, I will take that as an indication that you are not interested in doing so.

Very truly yours,

Yeremey O. Krivoshey